# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4606 | **DATE** | 1/28/2003 |
| **CASE TITLE** | McLaughlin vs. CTA, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to dismiss counterclaim (27-1) is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 29 2003 date docketed | 56 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/28/2003 | |
| MPJ | courtroom deputy's initials | 03 JAN 28 PM 4:32 Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE McLAUGHLIN, )
)
Plaintiff, )
)
v. ) No. 01 C 4606
)
CHICAGO TRANSIT AUTHORITY, JOYCE )
COLEMAN, GEOFFREY LAYHE, ROBERT )
GIERUT, LARRY WALL, and DORVAL )
CARTER, )
)
Defendants. )

**DOCKETED**

## MEMORANDUM OPINION AND ORDER

JAN 2 9 2003

Elaine McLaughlin was employed by the Chicago Transit Authority ("CTA") from March 21, 1996 until her termination on October 19, 2001. Ms. McLaughlin filed suit in this court complaining that she was fired due to discrimination by the CTA. During discovery, Ms. McLaughlin revealed that while she was employed by the CTA, she accessed and removed certain confidential files for the purpose of developing her lawsuit against the CTA. The CTA filed a counterclaim alleging that Ms. McLaughlin had breached her fiduciary duty to it and seeking reimbursement of the salary it paid Ms. McLaughlin from the time she first accessed such files for her own purposes until the time of her termination. Ms. McLaughlin moved to dismiss the counterclaim for failure to allege a cause of action under Illinois law. I deny the motion.

Dismissal of a claim or counterclaim is proper only when it is evident that the claimant can prove no set of facts to support the

allegations of the claim. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). To state a claim for breach of fiduciary duty under Illinois law, a plaintiff must plead: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages to the plaintiff as a result of that breach. *LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309, 1324 (N.D. Ill. 1996) (Norgle, J.).

For the purposes of this motion to dismiss, I accept as true the allegations contained in the counterclaim. *Thompson v. Illinois Dep't for Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The counterclaim alleges, (1), that Ms. McLaughlin was a managerial employee and fiduciary of the CTA; (2), that she deliberately violated its Code of Ethics by reading, copying, and removing other employees' confidential files; and (3), that the CTA paid $150,000 in compensation to a disloyal employee. This is adequate to state a claim for breach of fiduciary duty.

Ms. McLaughlin points out that she was not a corporate officer for the CTA. However, non-officers may be fiduciaries; a manager owes a fiduciary duty to her employer. *See Seguban*, 937 F. Supp at 1313. She also argues that the claim is inadequate because the CTA fails to cite to any case law suggesting that accessing and removing confidential files from an employer for the purpose of pursuing a lawsuit against the employer is a breach of duty. That is true, but the CTA need not cite case law at this stage. Ms.

McLaughlin bears the burden of showing that the claim against her is unsustainable. Next, Ms. McLaughlin argues that the counterclaim should be dismissed because it does not allege that Ms. McLaughlin's action injured the CTA. But it does allege that the CTA was damaged to the extent of the salary it paid Ms. McLaughlin during the period when it mistakenly believed her to be a loyal fiduciary. In a breach of fiduciary duty claim, "forfeiture-of-salary damages are available even where the defendant employer is not otherwise injured by the breach." *Robinson v. SABIS*, No. 98-4251, 2000 U.S. Dist. LEXIS 5797, at *9 n.2 (N.D. Ill. Mar. 31, 2000) (Coar, J.), citing *ABC Trans Nat'l Transp. Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 1315 (ILL. APP. CT. 1980).

Finally, Ms. McLaughlin points to *Riad v. 520 S. Mich. Ave. Assoc. Ltd.*, 78 F. Supp. 2d 748 (N.D. Ill. 1999) (Moran, J.), to support her contention that CTA fails to state a claim. In *Riad*, which, like this case, involved a defendant employer's counterclaim against a fired employee, the counterclaim was dismissed because it was "devoid of facts which would support a claim for breach of [employee] Riad's duty." *Id.* at 763. For example, Riad's employer accused him of soliciting his staff members to work outside the hotel, but the court noted that "there is nothing actionable unless Riad's entreaties were not in the best interests of his principal." *Id.* at 763. Unlike Mr. Riad's actions, however, Ms. McLaughin's

3

alleged violation of the CTA's confidentiality rules for the purpose of supporting a lawsuit against it cannot possibly be in the CTA's best interests. Thus, the dismissal in *Riad* does not indicate that the instant counterclaim ought to be dismissed.

The CTA's counterclaim states a valid claim. Ms. McLaughlin's motion to dismiss the counterclaim is DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: January 28, 2003

4